UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cr-29-SEB-KPF |
| | ) | |
| MARCUS CURLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter is before the Court on the Motion to Suppress [Docket No. 29] filed by

Defendant, Marcus Curlin, on November 3, 2009.  In his Motion, Defendant seeks to

suppress evidence gathered in the course of a search of his residence on the ground that it

was obtained in violation of his Fourth Amendment rights.  For the reasons detailed

below, Defendant's Motion is <u>DENIED</u>.

**<u>Factual Background</u>**

The facts giving rise to the Fourth Amendment issues raised in the Motion to

Suppress are as follows:

On October 17, 2008, a small claims action was filed against Marcus Curlin in the

Franklin Township of Marion County (Indiana) Small Claims Court.  The plaintiff in that

action sought past due rent for Curlin's residence at 8042 States Bend Road, Indianapolis,

Indiana.  A Notice of Claim for Possession of Real Estate and Summons were served on Curlin by leaving a copy at his residence and by regular mail on October 21, 2008.  The Summons ordered Curlin to appear in Franklin Small Claims Court on November 5, 2008. He did not appear on that date, and the case was continued until November 12, 2008. Notice of the new court date was mailed to him on November 5, 2008.  When he failed to appear a second time, on November 12, 2008, the small claims court issued a Writ of Restitution and set a hearing on damages for December 17, 2008.

The Writ of Restitution and Notice to Move were issued on November 14, 2008. Pursuant to the Writ, Curlin was ordered to vacate the property on or before 6:00 p.m. on November 17, 2008.  Furthermore, if he failed to vacate the premises as required, the Writ also ordered any constable of Marion County to remove him from the property, to remove and place his goods in storage, and ultimately to sell any non-exempt property to satisfy the court's restitution order.

On November 15, 2008, constables attempted to serve the Writ and Notice on Curlin, leaving a copy of the Writ on the door at 8042 States Bend Road.  On November 24, 2008, constables again attempted to serve the Writ and Notice, this time making note of the fact that there were lights on and property in the house, but that they had received no response to knocking or the door bell.  On November 24, 2008, an unsigned "Letter to Judge" was filed, which stated that on November 19, 2008, the contents of the "3,000 sq. ft. fully furnished 4 Br." property included "several flatscreen TV's, laptops," and that "police found SKS Assault Rifle and weed in the house."

2

On December 2, 2008, Constable Bob Walden of the Franklin Township Constable's Office requested the assistance of the Marion County Sheriff's Department ("MCSD") warrant section to execute the Writ. Constable Walden had received information that Curlin had made statements to deputy constables threatening to disobey the court order and to barricade himself in the residence and shoot it out with the police with a high-powered rifle. Also, deputy constables who were at the residence on a previous date to discuss eviction paperwork with Curlin had observed a rifle in plain view in the living room.

While MCSD deputies surrounded Curlin's residence, Constable Walden knocked and announced his presence. After approximately three minutes, Curlin answered the door. Constable Walden advised Curlin of the civil eviction, and the MCSD deputies gained entry and secured Curlin for officer safety due to the reported threats he had previously made. The MCSD deputies then conducted a safety sweep of the residence, and discovered in plain view approximately 15 grams of marijuana lying on the bed in the master bedroom. Deputies also discovered in plain view a fully-loaded Ruger, model mini-14, .223 caliber rifle and a Mossberg, Model 88, 12-gauge shotgun on a shelf in the walk-in closet of the master bedroom. Following their discovery of the marijuana and firearms, Curlin was advised of his rights, pursuant to *Miranda v. Arizona*. Curlin then advised the deputies that he had a .38 revolver located somewhere in the living room. That firearm was eventually located on top of a kitchen cabinet. Curlin was arrested on firearms and drug charges.

3

On December 10, 2008, Curlin was named in a one-count criminal complaint charging him with being a convicted felon in possession of a firearm.  On February 24, 2009, Curlin was charged in a three-count indictment with possession of firearms by a convicted felon.  On November 3, 2009, Curlin filed this motion to suppress the evidence found during the execution of the civil Writ.

## Legal Analysis

### I.    Discussion

The issue raised by the motion to suppress is whether the officer's sweep of Defendant's residence that led to the seizure of the marijuana and firearms was an unreasonable search in violation of the Fourth Amendment.

The Fourth Amendment of the United States Constitution states in pertinent part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  It is a "basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable."  *Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980).  Nonetheless, because the ultimate touchstone of the Fourth Amendment is reasonableness, the warrant requirement is subject to certain exceptions.  *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006).  One such exception is the plain view doctrine.  The plain view doctrine is satisfied when: (1) a law enforcement officer is lawfully present, (2) an item is in the plain view of the officer,

4

and (3) the incriminating nature of the item is immediately apparent. *See United States v. Raney*, 342 F.3d 551, 558-59 (7th Cir. 2003).

In his motion, Curlin seeks to have the evidence discovered in plain view by the officers during their "safety sweep" of his home suppressed, contending that the sweep went beyond a mere cursory visual inspection by extending onto closet shelves. Since he had been personally restrained by the officers shortly after their arrival at the residence, he argues, "[t]here was no reason for law enforcement to go beyond the entry way once [he] was secure because he was not in a position to access anything in the home or cause any harm." Thus, there was no reason for a safety sweep during which the contraband was found.

Curlin's argument misses the point, however, because the law enforcement officers were fully authorized to enter the premises to assist in enforcing the eviction order which directed the removal of everything found therein. The safety sweep was therefor incidental to the inevitable discovery of the firearms and marijuana. When the officers made their lawful entry into the apartment, whether they discovered the drugs and guns in plain view during the protective sweep or found them stashed away and out of sight until they were uncovered in the process of removing all the contents of the dwelling is immaterial because the officers were permitted to be there. The discovery was inevitable, and the Seventh Circuit recognizes the "inevitable discovery" rule to be a well-settled principle under Fourth Amendment law. *See United States v. Marrocco*, 578 F.3d 627

(7th Cir. 2009).

Even if, arguably, the Writ of Restitution and Notice to Move did not authorize law enforcement officers to enter into the premises and to remove the property (which clearly they did, given the clear terms of the Notice directing the Constable of Marion County to take possession of the property located at Curlin's address by removing Curlin as well as "the goods of said defendant, by placing said goods in storage and to levy on any non-exempt property, by sale thereof..."), law enforcement officers were nonetheless entitled to conduct their "protective sweep" of the dwelling, given their legitimate concerns about the safety of those who are present therein, including the constable whose job was to execute the civil order. *United States v. Brown*, 64 F.3d 1083, 1086 (7th Cir. 1995). Further, "(a) protective sweep, limited to 'look[ing] in closets and other spaces immediately adjoining the place of arrest,' is justified 'incident to [an] arrest ... as a precautionary matter and without probable cause or reasonable suspicion." *Maryland v. Buie*, 494 U.S. 325, 334, 110 S.Ct. 1093.

In this case, during the safety sweep, marijuana was found lying in plain view on the bed in the master bedroom and a fully loaded rifle and shotgun were spotted on the shelf in the walk-in closet of the master bedroom. After being apprised of his *Miranda* rights, Curlin told the deputies about another firearm, a revolver, also located within the residence. Thereafter, he was arrested on firearms and drug charges.

For the first time, in his Reply to Government's Response in Opposition to Defendant's Motion to Suppress, Curlin asserts that the search of Defendant's home was

based on an illegal eviction: the "information provided to the small claims court to obtain the order for possession was inaccurate, and could perhaps be deemed intentionally misleading." Defendant's Reply Brief at 4. In general, arguments raised for the first time in a reply brief are waived. *See Jennings v. United States*, 461 F. Supp. 2d 818, 833 (S.D. Ill. 2006); *Zambrana v. Untied States*, 790 F. Supp. 838, 843 (N.D. Ind. 1992). But this allegation is at best speculative and completely underdeveloped. Thus, we are not inclined to breathe life into it *sua sponte*. In addition, the case which Defendant cites to support this assertion is entirely inapposite. In *Soldal v. Cook County*, 506 U.S. 56 (1992), a landlord forcibly evicted a tenant while eviction proceedings were pending. Local law enforcement deputies were present during the eviction with knowledge that no eviction order had been issued. Accordingly, the Supreme Court held that an illegal seizure had occurred in violation of the Fourth Amendment. *Id*. at 72. The clear factual distinctions between this case and *Soldal* render its holding irrelevant to our analysis, the primary difference being that Curlin had been given multiple opportunities to object to the eviction but chose not to respond to or attend the Franklin Township Small Claims Court hearings on November 5 and 12, 2008. The proper forum for Curlin to have challenged this order was in the Franklin Township court, not in a reply brief in support of his motion to suppress, and no such challenge was ever made by him in that court.

## II.    Conclusion

Having considered Defendant's Fourth Amendment challenges to certain evidence

in this case, we find no constitutional violation.  Therefore, Defendant's Motion to

Suppress is <u>DENIED</u>.

IT IS SO ORDERED.

Date:   02/10/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

8

Copies to:

William H. Dazey Jr.
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org

Matthew  Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov

Juval O. Scott
INDIANA FEDERAL COMMUNITY DEFENDERS
juval.scott@fd.org